IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY ALGEE,

                                                                            ORDER

                Petitioner,

                                                        08-cv-686-slc[1]

      v.

CAROL HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Stanley Algee was found guilty of fighting with another prisoner at the Federal Correctional Institution in Oxford, Wisconsin and he lost good conduct time as a result. He brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that his discipline violated his right to due process because the other prisoner involved in the incident was not punished. Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) (§ 2241 is proper vehicle for challenging length of confinement when prisoner is challenging execution of his sentence). Petitioner has paid the filing fee.

      Petitioner's argument is that it takes two people to start a fight, so if only one person

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

is charged with misconduct, it must mean that no fight took place. If there was no fight, petitioner says, charging him with fighting violates the rule that a disciplinary conviction cannot stand unless there is "some evidence" to support it. <u>Superintendent, Massachusetts Correctional Institution Walpole v. Hill</u>, 472 U.S. 445, 455(1985).

This argument is creative but ultimately unavailing. To begin with, using petitioner's logic, he should have been disciplined for *assault*, which is likely a more serious offense than simply fighting. It is a little odd to argue that evidence existed for the greater offense but not the lesser. More to the point, petitioner's argument falls apart on its second premise. Even if I accept petitioner's first premise that the disciplinary rules define "fighting" as involving misconduct by two or more prisoners, it does not necessarily follow that no fight could have taken place unless both parties were charged. It may be that a fight involving both participants took place, but that prison officials decided to charge only one of the prisoners.

Distilled, petitioner's claim is one for equal protection, not due process. He believes that it was unfair that he lost good time for participating in a fight while the other prisoner apparently received no consequences. Unfortunately for petitioner, however, not every instance of perceived unfairness can be remedied with a federal lawsuit. An allegation that another prisoner received better treatment is not enough to show an equal protection violation, particularly when petitioner includes no allegations regarding the conduct of the other prisoner.

There are numerous reasons why the other prisoner may not have been disciplined as severely as petitioner. The other prisoner may have had a less extensive disciplinary

record, he may have taken greater responsibility or shown more remorse for his actions; or he simply may have had a different committee decide his case.  Even in criminal cases, where the stakes can be much higher, mere disparity in sentencing is not enough to show a violation of equal protection.  See, e.g., Russell v. Collins, 998 F.3d 1287, 1294 (5th Cir. 1993) (rejecting claim that petitioner's right to equal protection was violated when he received death sentence and codefendant convicted of same crime received sentence of imprisonment); Powell v. Ducharme, 998 F.2d 710, 716 (9th Cir. 1993); cf. United States v. Moore, 543 F.3d 891, 898-901 (7th Cir. 2008)(in prosecution setting, differential treatment without rational basis does not necessarily violate equal protection).  Particularly with respect to a discretionary decision like the one at issue here, petitioner must at a minium  allege facts suggesting that the disparity does not have a rational explanation or that he was discriminated against for a reason that is subject to heightened scrutiny, such as race. St. John's  United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir. 1992) (in equal protection claim, plaintiff must "allege facts sufficient to overcome the presumption of rationality that applies to government classifications.").  Because petitioner failed to allege any facts suggesting that his discipline violated his constitutional rights, I must deny his petition.

ORDER

IT IS ORDERED that Stanley Algee's petition for a writ of habeas corpus is DENIED for his failure to show that he is in custody in violation of federal law. The clerk of court is directed to close the case.

Entered this 8th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge